NATALIE L. WINSLOW
Nevada Bar No. 12125
NICHOLAS E. BELAY
Nevada Bar No. 15175
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: natalie.winslow@akerman.com
Email: nicholas.belay@akerman.com

ANDREW P. GOLD
Florida Bar No. 612367
AKERMAN LLP
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile:  (954) 847-5377
Email:  andrew.gold@akerman.com

*Attorneys for Ink Projects LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INK PROJECTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RUBEN KASPER, LLC, RUBEN ESTRELLADO, and MARVIN ESTRELLADO, <br><br> Defendants. | Case No. 2:23-cv-1568-JCM-BNW <br><br> **STIPULATION AND ORDER TO STAY DISCOVERY** <br><br> **(FIRST REQUEST)** |

Defendants RUBEN KASPER, LLC, RUBEN ESTRELLADO, and MARVIN ESTRELLADO (collectively, "Defendants"), by and through their counsel of record, Kemp Jones, LLP, and Plaintiff INK PROJECTS, LLC ("Perma Blend"), by and through its counsel of record, Akerman LLP, hereby stipulate and agree to stay discovery pending resolution of Defendants' motions to dismiss (ECF Nos. 33, 37). In support of this stipulation, the Parties state as follows:

1.     Perma Blend initiated this action on October 2, 2023, alleging causes of action for: (1) breach of contract; (2) tortious interference; (3) unfair and deceptive trade practices; and (4) defamation.  ECF Nos. 1, 2.

2.     Perma Blend subsequently moved for a preliminary injunction on October 12, 2023.  ECF No. 9.  The motion is fully briefed and ripe for a decision.  ECF Nos. 28, 32.

3.     To accommodate for briefing on the preliminary injunction, as well as various time and scheduling constraints on counsel, Perma Blend agreed to extend Defendants' responsive pleading deadline until December 20, 2023.

4.     On December 4, 2023, Defendants filed a Special Anti-Slapp Motion to Dismiss Pursuant to NRS 41.660.  ECF No. 33.  The motion is fully briefed and ripe for a decision.  ECF Nos. 38, 41.

5.     On December 20, 2023, Defendants filed a Motion to Dismiss Pursuant to FRCP 12(b)(6).  ECF No. 37.  The motion is fully briefed and ripe for a decision.  ECF Nos. 44, 48.

6.     On February 15, 2024, this Court issued an order directing the parties to file a proposed discovery plan by February 29, 2024.  ECF No. 47.[1]

7.     Since this time, the parties have conferred regarding discovery and case deadlines, and agree to a stay of discovery pending resolution of the motions to dismiss.

8.     Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988).  In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potential dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011).  *See also Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court…").

9.     In addition, Defendants contend that discovery should be stayed pursuant to NRS 41.660(3)(e).

10.    The parties submit that a stay of discovery promotes judicial economy and efficiency as between the parties for several reasons.

---

[1] The Court entered the parties' proposed discovery plan on March 1, 2024.  ECF No. 50.

a. **First**, while Permablend does not concede that either of the motions to dismiss have merit, Permablend recognizes that the motions address certain threshold issues regarding choice of law and contract interpretation that could potentially narrow the scope of discovery in this case. Regardless of how the Court ultimately rules on these pending motions, the Court's decision is likely to provide necessary clarity.

b. **Second**, the Parties are actively exploring the potential for settlement. A stay of discovery will allow the Parties to continue these discussions before incurring additional expenses on written discovery and related motion practice, which could impact the Parties' progress in these discussions.

c. **Third**, and relatedly, the Parties are currently discussing the potential for alternative dispute resolution and/or mediation. To the extent the Parties can reach an agreement, the Parties submit it is in the best interest of both the Parties and the Court to wait until the mediation process has been completed prior to setting discovery deadlines and incurring the time and expense of written discovery, depositions, and anticipated motion practice.

11. Based on the foregoing, and in order to preserve the Parties' resources and to promote judicial economy, the Parties have agreed subject to the Court's approval to stay discovery pending resolution of the pending motions to dismiss.

12. The Parties submit this stipulation in good faith and not for the purpose of delay or prejudice to any party.

DATED this 15th day of March, 2024.

KEMP JONES LLP

By: /s/ Katrina Stark
   Michael J. Gayan, Esq., SBN 11135
   Katrina Stark, Esq., SBN 16006
   3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada 86169

*Attorneys for Defendants*

DATED this 15th day of March, 2024.

AKERMAN LLP

By: /s/ Nicholas E. Belay
   Natalie L. Winslow, SBN 12125
   Nicholas E. Belay, SBN 15175
   Andrew P. Gold
   1635 Village Center Circle, Suite 200
   Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

DATED: 3/19/2024

UNITED STATES MAGISTRATE JUDGE